## HOLLANDER *v.* BAIZ, Consul General, etc.[1]

*(District Court, S. D. New York.* June 24, 1890.)

1. LIBEL—ANSWER—AMENDMENT—LACHES.

In a suit for libel the defendant was granted leave to serve an amended answer setting up a justification of the alleged libel, which was not pleaded in the original answer, notwithstanding the lapse of more than seven months between the filing of the original answer and the application to amend.

2. DEPOSITIONS—COMMISSION—FOREIGN CONSUL—SAFE CONDUCT REFUSED.

Where, in a libel suit against a foreign consul by a plaintiff who had been expelled from the country which the consul represented, by order of its government, the consul applied for a commission to examine witnesses in such foreign country, the government of which refused to allow plaintiff to return there, and attend such commission, it was *held* that, as the government of such foreign country stood in the virtual relation of principal to the defendant, because the alleged libel was published by him under orders from such government, it would not be just that such an important part of the trial of the cause as involved the examination of witnesses should be transferred to the jurisdiction of the government which refused to allow the plaintiff to be present, and that, except as to the proof of documents the motion for a commission should be denied.

At Law. On motion to amend answer and for commission.

Hollander having in July, 1889, sued Baiz, as consul general of Guatemala in New York, for an alleged libel, the latter, in September, 1889, answered that he was a public minister, and as such, exempt from suit, and afterwards moved for a commission to take testimony in Guatemala. The motion for a commission having been denied unless the government of Guatemala should furnish plaintiff, whom it had expelled from Guatemala, with a safe conduct, to enable him to be present at the execution of the commission, (40 Fed. Rep. 659,) which safe conduct the government refused to give, and a motion to dismiss the complaint on the ground that defendant was a public minister having also been denied, (41 Fed. Rep. 733; approved, *In re Baiz*, 135 U. S. 403, 10 Sup. Ct. Rep. 854,) the defendant, in May, 1890, moved to amend his answer by setting up the truth of the alleged libelous publication, and renewed his motion for a commission to take testimony in Guatemala.

*Billings & Cardozo* and *Joseph H. Choate*, for motion.

*Robert D. Benedict*, in opposition.

BROWN, J. Notwithstanding the great laches in making the application for the proposed amendment of the answer setting up the truth of the alleged libelous matter, and the changes of view which have led to the application, I think it should be granted, together with leave to issue a commission for the examination of witnesses in Guatemala so far as is necessary for the proof of any paper, document, record, report, decree, or sentence on file in the archives of the United States consulate in Guatemala, or in any court, public department, or public office in Guatemala, and filed therein prior to the decree of May 14, 1889, and referred to in the said decree, or pertinent thereto, the originals whereof cannot be produced on the trial here, and of which copies shall not be con-

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

sented to be admitted on the trial by the plaintiff's stipulation, subject to the same objections as the originals, if produced; and also a photographic copy or copies of the paper purporting to be signed by Senor Herrera, but alleged to be a counterfeited signature.

Considering that the government or ministry of Guatemala stands in the virtual relation of principal to the defendant in ordering the publication of the alleged libel in this country, and that it has already shown its interest and taken part, though not in any way improperly, in the defense of this suit, by the action of its minister here; and considering that the examination of the numerous witnesses, some 30 or upwards, proposed by the defendant to be examined in Guatemala by commission, would transfer within the jurisdiction of that government a considerable and important part of the trial of this action, and would render necessary the examination of witnesses there by the plaintiff; and considering, further, that the government of Guatemala has heretofore, notwithstanding the strenuous efforts of the defendant, and of its minister in this country, refused to give to the plaintiff a safe conduct to Guatemala for the sole purpose of attending the execution of a commission for the examination of witnesses there applied for by the defendant, except on condition of an abandonment by the plaintiff of his claims against Guatemala, thereby refusing to the plaintiff the right of either facing his accusers in Guatemala, or of meeting the defendant on equal terms in the execution of any commission within that jurisdiction; and considering that that right, and the right of an oral cross-examination of witnesses, are of special importance on the trial of the issues in this action, except as to the proof of documentary evidence,—I think that the plaintiff's legal right to have the trial here, where the alleged libel was published, and where the alleged injury was inflicted, should not be abridged by an examination of witnesses in Guatemala under such disadvantages to the plaintiff as that government insists upon inflicting, and under such circumstances as the affidavits disclose, except as above permitted; but that the witnesses should be produced in this court, in order that the trial may proceed here upon equal terms, and with the plaintiff's common-law rights unimpaired; and the motion for a commission is to that extent denied.